

September 26, 2018

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **RE:**   *Make the Road New York, et al. v. Dept. of Homeland Security, et al.*,
             No. 1:18-cv-2445

             **Plaintiffs' Second Request for Status Conference and Global Scheduling Order**

Dear Judge Garaufis:

    Plaintiffs Make the Road New York and Make the Road Connecticut respectfully renew their request, first made on May 31, 2018, for a status conference pursuant to Fed. R. Civ. P. 16(b)(1)(B) and issue a scheduling order to set dates for production, a *Vaughn* index, and dispositive motions to ensure that this Freedom of Information Act (FOIA) lawsuit proceeds efficiently. ECF No. 17. Defendants have indicated that they will oppose this request.

**Background**

    The government announced its decision to terminate the Deferred Action for Childhood Arrivals (DACA) program over a year ago, upending the lives of nearly 800,000 DACA recipients whose lives remain uncertain. Plaintiffs and the public are entitled to the information requested nearly a year ago and deserve to access that information in a timely manner while the information is still immediately relevant to their lives.

    Shortly after the government's decision to terminate DACA, Plaintiffs filed their primary FOIA Request to vindicate their, and their members', right to information. The FOIA Request seeks records regarding the government's decision to terminate the DACA program, the implementation of that decision, and the government's implementation of injunctions from this Court and other courts. (A second FOIA Request, on June 8, 2018, renewed the request as to

www.nilc.org

LOS ANGELES (Headquarters)
3450 Wilshire Blvd. Box #108 – 62
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

WASHINGTON, DC
PO Box No. 34573
Washington, DC 20043
202 216-0261
202 216-0266 fax

certain communications regarding DACA litigation.) Plaintiffs filed this lawsuit on April 25, 2018, challenging the responses of some, but not all, of the requestee agencies.

In May, Plaintiffs asked for a status conference for the court to set dates and ensure that the lawsuit proceeds in an efficient manner. As described in the recently filed joint status report, ECF 28, the parties have engaged in extensive negotiations since then to develop a production schedule. However, there remain significant areas of disagreement among the parties. Plaintiffs continue to believe that the Court's assistance would resolve this matter expeditiously.

**Need for a Global Scheduling Order**

A global scheduling order setting a schedule for significant stages of the litigation would help facilitate the efficient resolution of this lawsuit. Such a scheduling order would set a date certain for the complete production of documents, for filing of the *Vaughn* Index, and for filing dispositive motions. This would allow the parties to plan for the resolution of potential disputes over the scope of searches or application of privileges and exemptions that may arise, such that the case can be fully resolved quickly.

Many of the Defendants have already undertaken substantial document searches, both in the context of this FOIA request and more generally. *See e.g. In re United States,* Stay Application, No. 17A570 at 6-7 (Sup. Ct. Dec. 1, 2017), *available at* https://perma.cc/Q3QE-39A4 (noting that searches conducted by DHS components in response to litigation challenging the termination of DACA in the Northern District of California had yielded over 1 million documents). The fact that one of the Plaintiffs has separately brought civil litigation regarding the DACA termination does not limit the scope of the search or production under FOIA. *See North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989) ("The plaintiff's rights in a FOIA action do not depend on his or her identity; the Act's sole concern is with what must be made public or not made public.") (internal quotation marks and alterations omitted); *see also* Dep't of Justice, FOIA Update, Vol. VI, No. 3 (1985), available at https://perma.cc/DVY7-WMS9. Therefore, Plaintiffs' request that Defendants timely produce responsive documents—by a date certain—is not unreasonable.

**Specific Areas of Dispute**

Aside from the general benefits of a global scheduling order, Plaintiffs have identified two areas where the parties have been unable to reach agreement:

1. **Documents Previously Submitted to Judge Alsup**: In *Regents of the University of California v. Department of Homeland Security*, No. 3:17-cv-05211 (N.D. Cal.), the government produced a set of documents *in camera* to Judge Alsup that had been withheld from the Administrative Record of the DACA Termination. Judge Alsup found that some of the documents were legitimately part of the Administrative Record and were not privileged, but the documents have not yet been made available to the California plaintiffs or the public.

2

Plaintiffs believe that these documents should be produced immediately, in addition to documents produced through the general review and production schedule for the agencies. The documents represent a relatively narrow universe of documents, are highly likely to be responsive to the FOIA Request, and have already been compiled and have been reviewed for litigation privileges. This review is equivalent to review for exempted records under FOIA Exemption 5. 5 U.S.C. § 552(b)(5). Exemption 5 protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," *id.*, which has been interpreted to incorporate civil litigation privileges. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Production now would be efficient and impose relatively minimal burden on Defendants while providing substantial relevant information to the public. Although Plaintiffs acknowledge that Defendants may prefer certain administrative processes to meet their FOIA obligations, a search is "reasonably calculated to discover the requested documents," *see Grand Cent. Partnership v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999), and would not be adequate if it artificially excludes a set of documents known to be available.

2. **DHS Production Proposal**: Defendant DHS communicated that its searches produced 10,788 responsive records, and many of those records may contain multiple pages. DHS proposed to *review*, but not produce, 250 pages per month.

   Plaintiffs believe that this production is too low and will result in protracted litigation. Indeed, under Defendants proposal it would take years to produce the relevant documents, by which time the information will no longer be timely or as relevant to the public. Plaintiffs request a more reasonable production schedule that would result in Defendants meeting their obligation to produce responsive documents within a few months. Ordering a reasonable date certain for document disclosure would remedy this concern.

For the reasons above, Plaintiffs request a status conference and a global scheduling order that addresses the parties' disputes.

Respectfully submitted,

*/s/ Joshua A. Rosenthal*

| | |
|---|---|
| Joshua A. Rosenthal, Esq. (JR 1096) | Trudy S. Rebert, Esq. (TR 6959) |
| NATIONAL IMMIGRATION LAW CENTER | NATIONAL IMMIGRATION LAW CENTER |
| 3450 Wilshire Blvd, Box #106-62 | PO Box 721361 |
| Los Angeles, CA 90010 | Jackson Heights, NY 11372 |
| Phone: (202) 216-0261 | Phone: (646) 867-8793 |

*Attorneys for Plaintiffs*

## Certificate of Service

I hereby certify that on September 26, 2018, the foregoing document was filed with the Clerk of Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon Rachael Westmoreland, Counsel for Defendants.

*/s/ Joshua A. Rosenthal*
Joshua A. Rosenthal, Esq.
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd, Box #106-62
Los Angeles, CA 90010
Phone: (202) 216-0261