

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530

October 10, 2018

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Make the Road New York,* et al. *v. U.S. Dep't of Homeland Security,* et al., No. 1:18-cv-2445-NGG-JO (EDNY)

Dear Judge Garaufis:

      Defendants write in response to Plaintiffs' letter motion dated September 26, 2018, ECF No. 29, seeking a status conference and issuance of a scheduling order setting dates for "production, a *Vaughn* index, and dispositive motions." Such a conference and scheduling order are unnecessary, as Defendants continue to make progress in responding to Plaintiffs' FOIA requests and are willing to continue meeting and conferring in good faith on Defendants' response.

**Background**

      On September 22, 2017, Plaintiffs submitted a FOIA Request ("First Request") to multiple agencies and components, including all Defendants in this matter, seeking records related to the operation of the Deferred Action for Childhood Arrivals ("DACA") policy and the decision to rescind DACA. *See* ECF No. 1-9. Seven months later, on April 25, 2018, Plaintiffs filed the instant action, challenging all Defendants except for the Department of Justice Civil Division's ("DOJ-CIV") response to the First Request. *See* ECF No. 1, ¶¶ 113-118. Six weeks after this case was filed, Plaintiffs submitted a second FOIA Request ("Second Request") to the Department of Justice seeking records of communications between certain DOJ officials and individuals in the Texas Attorney General's Office. *See* ECF No. 21-15. Less than three weeks later, Plaintiffs amended their complaint to include specific challenges related to the Second Request. *See* ECF No. 21. As evidenced by the Parties' Joint Status Report filed last month, ECF No. 28, the Parties have made substantial progress in narrowing the scope of disputes in this matter and alleviating the need for judicial intervention. Despite this progress, Plaintiffs continue to seek intervention by the Court, identifying three disputes for which Defendants believe no intervention is required.

**Judicial Intervention is Unnecessary**

1. **Necessity of a Scheduling Order:** A global scheduling order is unnecessary in this case. As a threshold matter, the Parties have conferred on timelines for responding to Plaintiffs' FOIA requests and Defendants are willing to continue conferring in good faith on any issues that Plaintiffs have with Defendants' responses. Moreover, setting a date certain for the filing of a *Vaughn* index and for the filing of dispositive motions presupposes that Plaintiffs will challenge some aspect of records received in response to their FOIA requests before all records have been received. Accordingly, setting these deadlines is premature, as the Parties may be able to resolve any disputes after the close of production without judicial intervention.

    Plaintiffs appear to argue that Defendants should expedite their response to Plaintiffs' FOIA requests because some Defendants conducted document searches in unrelated litigation that, in Plaintiffs' estimation, would overlap with searches conducted to respond to Plaintiffs' FOIA requests. Plaintiffs misunderstand the scope of their rights in submitting FOIA requests. Federal agencies are not required to conduct a search for responsive records in the manner dictated by Plaintiffs. *See Bigwood v. U.S. Dep't of Def.*, 132 F. Supp. 3d 124, 140 (D.D.C. 2015) (citing *Physicians for Human Rights v. Dep't of Def.*, 675 F. Supp. 2d 149, 164 (D.D.C. 2009) ("[A] FOIA petitioner cannot dictate the search terms for his or her FOIA request."). Instead, federal agencies are afforded the discretion in conducting a search in the manner "they believe to be reasonably tailored to uncover documents responsive to the FOIA request." *Id.* (internal quotations omitted).

    Defendants here are conducting searches and processing documents in the manner that they believe will be most likely to produce a comprehensive response to Plaintiffs' request. It may be that, in doing so, Defendants eventually produce records to Plaintiffs that were also collected as a part of the document searches that Plaintiffs reference. But to the extent Plaintiffs are attempting to use this FOIA litigation as a run around to discovery in other litigation, such gamesmanship is not permitted. *See Baldridge v. Shapiro*, 455 U.S. 345, 360 n. 14 (1982) ("The primary purpose of the FOIA was not to benefit private litigants or to serve as a substitute for civil discovery."); *Clay v. U.S. Dep't of Justice*, 680 F. Supp. 2d 239, 248 (D.D.C. 2010) (citing *North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989)) ("Because the FOIA is concerned only with the disclosure of agency records, the requester's identity and purpose for the disclosure are generally immaterial."). Thus, there is no need for the Court to issue a scheduling order requiring expedited production of responsive records.

2. **Privileged Documents from Unrelated Litigation in Northern District of California:** Judicial intervention to order the production of documents produced *in camera* to the Honorable William H. Alsup in the Northern District of California is similarly unnecessary. An agency's response to a FOIA request is "not measured by its results, but rather by its method." *New York Times Co. v. U.S. Dep't of Justice*, 756 F.3d 100, 124

(2d Cir. 2014). As discussed *supra*, Defendants will conduct the search that is reasonably likely to lead to responsive documents, and it is Defendants' burden to defend the adequacy of that search, if challenged, at summary judgment. That, in Plaintiffs' estimation, these particular documents would be useful or responsive, is irrelevant to the manner and timing of Defendants' search, and thus the Court should not order their production.

3. **Department of Homeland Security Response to Plaintiffs' Request:** Although DHS was not able to review 250 pages per month prior to this filing due to resource constraints and turnover in their FOIA office, DHS intends to continue negotiating a production schedule that takes into account these constraints. Accordingly, a scheduling conference to discuss DHS's production is unnecessary.

Should the Court grant Plaintiffs' Motion for a Scheduling Conference, Defendants respectfully request permission to submit additional briefing on the disputes identified by Plaintiffs.

Sincerely,

JOSEPH H. HUNT
Assistant Attorney General

RICHARD P. DONOGHUE
United States Attorney

MARCIA BERMAN
Assistant Branch Director

 /s/ Rachael L. Westmoreland
RACHAEL L. WESTMORELAND
Trial Attorney (GA Bar No. 539498)
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-1280
E-mail: rachael.westmoreland@usdoj.gov