

November 5, 2018

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:   *Make the Road New York, et al. v. Dept. of Homeland Security, et al.*,
              No. 1:18-cv-2445
              Plaintiffs' Request for a Global Scheduling Order

Dear Judge Garaufis:

      Plaintiffs' write in response to the Court's oral Order during the November 1, 2018 status conference and respectfully seek an Order directing Defendants to produce all outstanding records on a rolling monthly basis to be completed by February 28, 2019 and rolling *Vaughn* indices produced two weeks after each production; and directing Defendants to file dispositive motions by March 28, 2019. Plaintiffs further request that the Court order Defendant Department of Homeland Security Office of the Secretary ("DHS") to review and produce the Alsup documents, as identified below, by November 30, 2018.

**Background**

      On September 5, 2017, the Trump administration ended Deferred Action for Childhood Arrivals ("DACA"), a decision that affected hundreds of thousands of young people across the country. On September 22, 2017, Plaintiffs filed their primary Freedom of Information Act ("FOIA") request seeking records about the government's decision to end DACA; how the government implemented the "wind down" of the program; and how the government implemented subsequently preliminary injunction orders. In relevant part, on September 25, 2017, DHS granted Plaintiffs' request for expedited processing of the FOIA request. The Department of Justice Office of Information Policy ("OIP") granted Plaintiffs' request for expedited processing, on behalf of the Office of the Attorney General ("OAG"), on October 2, 2017.

www.nilc.org

LOS ANGELES (Headquarters)
3450 Wilshire Blvd. Box #108 – 62
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

WASHINGTON, DC
PO Box No. 34573
Washington, DC 20043
202 216-0261
202 216-0266 fax

However, with little progress to produce the requested records, Plaintiffs were forced to file the instant litigation on April 25, 2018 to enforce their right to access information under the FOIA.

To date, Defendants Office of the Solicitor General ("OSG"), the Civil Division of the Department of Justice ("DOJ-CIV"), and Office of Legal Counsel ("OLC") represent that their searches and production are complete. Plaintiffs have not yet had the opportunity to test the adequacy of their searches or the assertion of exemptions. Searches and/or productions are still outstanding from DHS, the U.S. Citizenship and Immigration Services ("USCIS"), and OIP, which handles FOIA responses for the OAG.[1]

Over a year after the FOIA request was filed, DHS released 55 pages as their first production on November 1, 2018, the morning of a status conference before this court. DHS asserts that they are only able to review, not even produce, 250 pages per month. The chart below describes the status of each Defendant agency's searches and productions:

| Agency | Status | Productions |
|---|---|---|
| **DHS**<br>• Office of Secretary of DHS | Expedited processing granted 9/25/2017. | 11/1/2018: 55 pages produced in full or in part, 116 pages fully withheld as within a FOIA exemption, 88 pages withheld as duplicate or non-responsive.<br><br>Exemptions asserted:<br>• (b)(5) – inter- or intra-agency communications normally privileged in the civil discovery context<br>• (b)(6) – protection for personal privacy of information in personnel, medical, and similar files<br><br>Total records identified to be reviewed (reported 10/29/2018): 9,000 pages |
| **USCIS** | On 8/27/2018, the parties agreed that USCIS would produce 700 pages/month. | 3 productions to date.<br><br>8/23/2018: 1,011 pages<br>   Exemptions asserted:<br>• (b)(6)<br>• (b)(7)(E) – protection for records or information for law enforcement purposes |

---

[1] Plaintiffs also requested records from Immigration and Customs Enforcement, the Department of Homeland Security Office of Civil Rights and Civil Liberties, and U.S. Customs and Border Protection. At this time, Plaintiffs are attempting to resolve those FOIA requests through administrative processes rather than involve the Court.

|  |  | 9/26/2018: 847 pages<br>Exemptions asserted:<br>- (b)(5)<br>- (b)(6)<br>- (b)(7)(C) – protection for personal information in law enforcement records<br>- (b)(7)(E)<br><br>10/26/2018: 718 pages. USCIS reports that additional records originating with DHS were referred to DHS for review.<br>Exemptions asserted:<br>- (b)(5)<br>- (b)(6)<br>- (b)(7)(E)<br><br>Total records identified to be reviewed (reported 11/1/2018): approximately 2,800 remaining pages to review |
|---|---|---|
| **OAG [OIP]** | Expedited processing granted 10/2/2017. | No productions to date.<br><br>Plaintiffs narrowed the FOIA, at Defendant's request, on 8/27/2018.<br><br>On 10/9/2018, OIP informed Plaintiffs that a technical issue would require an estimated additional three months to perform the search. OIP informed Plaintiffs that they would update them by 11/8/2018 (30 days). |
| **OSG** | Agency asserts production complete as of 10/26/2018. | Produced 12 pages on 9/12/2018.<br>Exemptions asserted:<br>- (b)(5)<br>- (b)(6) |
| **DOJ-CIV** | Agency asserts production complete as of 8/31/2018. | Produced 66 pages on 8/31/2018.<br>Exemptions asserted:<br>- (b)(5)<br>- (b)(6) |
| **OLC** | Agency asserts production complete as of 7/30/2018. | Report no responsive records as of 7/30/2018. |

**Defendants Have Significantly Delayed Production and Have an Inadequate Plan for Production in Light of the Urgent Need for Disclosure**

Defendants DHS and OAG were at the center of the termination of DACA as the agencies, respectively, that implemented and announced the end of DACA. Both agencies granted expediting processing over a year ago. The decision to grant expedited processing reflected a recognition that Plaintiffs had a compelling need for the records and that there was an urgency to inform the public about the agencies' decision-making regarding DACA. *See* 5 U.S.C. § 552(a)(6)(E)(i); (v). Expedited processing requires the agency to "process [the FOIA requests] as soon as practicable." 5 U.S.C. § 552 (a)(6)(E)(iii). Nevertheless, DHS has produced a mere 55 pages more than a year after the FOIA request and maintains that the agency can review no more than 250 pages per month. OAG has yet to produce any records and estimates that they will not complete the searches until January 2019, meaning the production would likely be delayed even longer.

Defendants' delay undermines the very purpose of FOIA and proceeding on DHS' proposed schedule or OAG's non-schedule would render the information meaningless. Plaintiffs' need for the requested information is increasingly urgent. Tomorrow, the nation will elect a new Congress, creating new opportunities for the legislature to consider and pass a long-term solution for individuals who benefited under DACA. In the courts, the Department of Justice filed for certiorari before judgment today, seeking Supreme Court review, without the benefit of appellate court review, of three separate district courts' decisions to issue injunctions requiring DHS to partially maintain DACA. Defendants' dilatory conduct has prevented Plaintiffs from accessing crucial information needed to inform the public and advocate for action in Congress. Defendants' proposed schedule, which would delay release of information for even longer, would render Plaintiffs' FOIA request and their statutory right to access information meaningless. As another Court in this circuit recently recognized, "Congress evinced an increasing concern over the timeliness of disclosure, recognizing that delay in complying with FOIA requests may be 'tantamount to denial.'" *Brennan Cntr. for J. v. U.S. Dep't of State*, 300 F. Supp. 3d 540, 546 (S.D.N.Y. 2018) (quoting *Am. Civil Liberties Union v. Dept' of Def.*, 339 F. Supp. 2d 501, 504 (S.D.NY. 2004)).

**A Global Scheduling Order Would Promote Efficient Resolution of this Lawsuit**

Absent court intervention, Defendants will not produce responsive information in a timely manner. However, this Court has a great deal of discretion in how to handle Defendants' tardy responses, and even more so where an agency has failed to respond to an expedited request in a timely manner. *See Brennan*, 300 F. Supp. 3d at 547. Courts have concluded that a "prima facie showing of agency delay exists when an agency fails to process an expedited FOIA request within the [twenty-day] time limit applicable to standard FOIA requests." *Id.* at 548-49 (quoting *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 39 (D.D.C. 2006). In light of Defendants' foot-dragging and Plaintiffs urgent need for information, it is appropriate and necessary that this Court order DHS and OAG to produce, not just process, the requested documents and *Vaughn* indices within a set time frame.

Courts have routinely ordered agencies to process thousands of pages within a short time frame where the need for information was urgent. For example, in *Nat'l Day Laborer Organizing Network v. ICE*, No. 10-cv-3488 (S.D.N.Y. July 29, 2011) (ECF 104), Judge Scheindlin ordered DHS to produce all responsive documents in less than two months, the FBI to produce 5,000 pages of responsive documents every two weeks and all documents within two months, and ICE to produce 5,000 pages of responsive documents within 17 days. In *American Civil Liberties Union v. Department of Defense*, 339 F. Supp. 2d at 505, Judge Hellerstein required the government to produce all responsive documents and a *Vaughn* index within one month, and in *Nat. Resources Def. Council v. Dep't of Energy*, 191 F. Supp. 2d 41, 43 (D.D.C. 2002), the court ordered production of 7,500 pages to be completed within 60 days and a *Vaughn* index shortly thereafter.

A *Vaughn* index identifies documents withheld in part or in full from a FOIA production, describes each document, and states the government's basis for the withholding, *Am. Civil Liberties Union v. Dep't of Justice*, 844 F.3d 126, 129 n.4 (2d Cir. 2016). *Vaughn* indices can "facilitate a narrowing of the issues and a reduction in the number of documents as to which there is a bonafide dispute." *Keeper of Mountains Found. v. Dep't of Justice*, 2:06-CV000098, 2006 WL 1666262, at *3 (S.D.W. Va. June 14, 2006). Production in a timely manner prior to summary judgment is appropriate and fair. *See Brennan*, 300 F. Supp. 3d at 550-51 (ordering production and a *Vaughn* index within 30 days and recognizing fairness of early production of index); *Keeper of Mountains Found. v. Dep't of Justice*, 2006 WL 1666262, at *3 (ordering production of *Vaughn* index within 12 days and prior to summary judgment); *Providence J. Co. v. U.S. Dep't of Army*, 769 F. Supp. 67, 68 (D.R.I. 1991) (ordering production of *Vaughn* index within 30 days and prior to summary judgment).

Finally, as the Court noted in the status conference, the 35 documents that Judge Alsup ordered to be released in litigation before the Northern District of California are likely responsive to Plaintiffs' request. In producing those documents *in camera* to Judge Alsup, Defendant DHS identified them as the materials before then-Acting Secretary of Homeland Security Duke when she was considering the DACA termination. As such, these documents fall within Plaintiffs' request for "records developed regarding the decision to terminate the DACA program." No search of the documents would be complete if the search excluded the documents that were provided to Judge Alsup because such a search would not be "reasonably calculated to discover the requested documents." *Grand Central Partnership v. Cuomo*, 166 F.3d 173, 489 (2d Cir. 1999); *see El-Badrawi v. DHS*, 583 F. Supp. 2d 285,302 (D. Conn. 2008) (finding that a search was not reasonably calculated where the agency declined to search a known repository of responsive documents).

Where documents have been compiled for other purposes and subjected to some form of review, courts have ordered expedited production. *See Brennan*, 300 F. Supp. 3d at 550 ("Given that the documents at issue 'have been produced to others, [and] ... are known to exist, degrees of classification have [presumably] been determined for many of them.'") (quoting *Am. Civ. Liberties Union*, 339 F. Supp. 2d at 505). Defendants have already reviewed the documents for litigation privileges that would be relevant to Exemption (b)(5) under FOIA. Plaintiffs recognize that Defendants may wish to assert additional FOIA exemptions and that Judge Alsup's privilege

5

rulings are not dispositive of either DHS's assertions of FOIA exemption or this Court's independent determinations. Plaintiffs thus request that this Court order DHS to prioritize review of the 35 documents that Judge Alsup found to be unprotected by privilege and produce those documents (subject to any FOIA exemptions) by November 30, 2018.

**Plaintiffs' Requested Order**

Plaintiffs therefore respectfully request that the Court order (1) production of the Alsup documents by November 30, 2018; (2) production of all documents on a rolling monthly basis to be completed by February 28, 2019; (3) production of a monthly rolling *Vaughn* index within two weeks of each production and to be completed by March 14, 2019; and (4) for Defendants to file for Summary Judgment by March 28, 2019.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Joshua A. Rosenthal*
Joshua A. Rosenthal, Esq. (JR 1096)
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd, Box #106-62
Los Angeles, CA 90010
Phone: (202) 216-0261

Trudy S. Rebert, Esq. (TR 6959)
NATIONAL IMMIGRATION LAW CENTER
PO Box 721361
Jackson Heights, NY 11372
Phone: (646) 867-8793


*Attorneys for Plaintiffs*

## Certificate of Service

I hereby certify that on November 5, 2018, the foregoing document was filed with the Clerk of Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon Rachael Westmoreland, Counsel for Defendants.

/s/ *Joshua A. Rosenthal*
Joshua A. Rosenthal, Esq.
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd, Box #106-62
Los Angeles, CA 90010
Phone: (202) 216-0261